UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

EDITH McCURRY,

    Plaintiff,

v.

KENCO LOGISTIC SERVICES, LLC, et al.,

    Defendants.

Case No. 18-2093

**ORDER**

This matter is before the Court on Plaintiff Edith McCurry's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis (#2). For the reasons stated below, this case is dismissed as malicious pursuant to 42 U.S.C. § 1915(e)(2)(B)(i) and Plaintiff's Motion (#2) is DENIED as moot.

**I.    Background**

On March 23, 2018, Plaintiff filed a Complaint (#1), alleging retaliation against Defendants Kenco, Mars, and Elliott. Specifically, Plaintiff alleges that Defendants retaliated against her when they "changed [her] COBRA premium five (5) times and coverage for medical" because she engaged in protected activity. Plaintiff has also filed a Motion for Leave to Proceed In Forma Pauperis (#2), asking the Court for leave to proceed without payment of fees or costs.

Plaintiff is no stranger to litigation in this Court. On August 29, 2016, Plaintiff filed her first Complaint in this Court in case number 2:16-cv-2273.[1] Plaintiff's first Complaint is nearly identical to the one she has filed in this case. The Complaint in McCurry I specifically alleges, among other things, that Defendants discriminated against her "by

---

[1] To easily distinguish between the two cases, the Court will refer to the ongoing 2016 case as McCurry I. This case will be referred to as McCurry II.

retaliating against the plaintiff because the plaintiff did something to assert rights protected by the laws." *See* 16-cv-2273, d/e #1, pg. 3. Likewise, the Complaint in McCurry II alleges retaliation for engaging in protected activity. *See* 18-cv-2093, d/e #1, pg. 4. In McCurry II, Plaintiff has brought claims against Defendants Kenco and Mars, the same two entities that she sued in McCurry I. The only difference between McCurry II and McCurry I is the individual Defendant Jay Elliott. Although Elliott is not named as a Defendant in McCurry I, his name appears several times in the Complaint and multiple times throughout discovery in McCurry I.

It is worth noting that McCurry I started as a simple employment discrimination case, but has developed a lengthy history of non-cooperation and discovery disputes between the parties that has required the Court to intervene multiple times and issue several detailed written orders, supervising nearly every step of the discovery process. Amended pleadings in McCurry I were due on March 21, 2017,[2] and discovery in McCurry I closed on April 6, 2018. After a long, time-consuming process, McCurry I has a dispositive motion deadline of June 21, 2018, and a jury trial set for September 18, 2018. Plaintiff now seeks to start the entire process over by filing a new case against identical Defendants based on the same set of operative facts.

**II.     Analysis**

It is clear from comparing the Complaints in McCurry I and McCurry II that Plaintiff is simply trying to restart discovery against the exact same Defendants based on the same set of operative facts. As noted above, the only difference between McCurry I and McCurry II is the addition of Jay Elliott as a Defendant. Plaintiff, however, makes no specific allegations against Elliott.

Plaintiff's Complaint merely alleges that "Defendants" retaliated against her because she engaged in protected activity. *See* d/e #1. However, Plaintiff has already

---

[2] On March 24, 2017, the Court entered a Text Order denying Plaintiff's request to extend the deadline to submit an amended complaint. Plaintiff's request was untimely (she filed her Motion on March 22, 2017 when the deadline to amend her complaint was March 21, 2017) and did not provide a proposed amended complaint. Thus, without a proposed amended complaint, Plaintiff appeared to be asking the Court for a 45-day extension on the chance that she wanted to file an amended complaint after Defendants Answered. *See* d/e #46. The Court determined that this failed to meet the "good cause" standard for filing an amended complaint after the deadline in the scheduling order.

made this allegation in McCurry I. The Complaint in McCurry II contains no allegations that would allow the Court to determine that Elliott engaged in any activity that is not already the subject of McCurry I.[3] Thus, it is clear that McCurry II is Plaintiff's attempt to start her litigation over against Defendants Kenco and Mars by filing a nearly duplicative Complaint that alleges substantially the same facts arising from McCurry I.

42 U.S.C. § 1915(e)(2)(B)(i) allows federal courts to dismiss frivolous or malicious actions that are filed in forma pauperis. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In enacting this section, Congress recognized "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or **repetitive** lawsuits." *Id.* (emphasis added).

Other federal courts have interpreted *Neitzke* to state that district courts may dismiss duplicative complaints under Section 1915(e)(2)(B)(i). For example, in *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989), the Fifth Circuit stated that "in forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." While *Wilson* did not discuss dismissal of pauper complaints that are duplicative of still-pending lawsuits filed by the same plaintiff, the court noted that under 1915(e)(2)(B)(i) the complaint may be dismissed if it is "malicious" and found that it was "malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Id.* at 849-850.

In *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993), the Fifth Circuit extended *Wilson* and held that a "[a] district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff." *Id.* at 995. According to *Pittman*, "[o]rdinarily, as occurred here, the district court confronted with the later-filed action should dismiss it in favor of the case

---

[3] Plaintiff had the opportunity to add Elliott as a Defendant in her first Complaint. Elliott's name is mentioned 34 times in Plaintiff's first Complaint. The Complaint in McCurry I expressly accuses Elliott of aiding and abetting Kenco and Mars in presenting "materially false and misleading documentation and statements to the Illinois Department of Human Rights and EEOC." Despite this, Plaintiff chose not to include Elliott as a Defendant.

3

that was filed earlier." *Id.* "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple--but not more." *Id. See also Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (a duplicative complaint raising issues directly related to issues in another pending action brought by the same party should be dismissed).

This Court agrees with the courts that have held that it is malicious for Plaintiff to file a lawsuit that duplicates the allegations of McCurry I. Allowing Plaintiff to file a duplicative complaint raising issues directly related to McCurry I would allow Plaintiff to have another bite at the litigation apple. *Pittman*, 980 F.2d at 995.

Although there has been no final judgment in McCurry I, which would trigger *res judicata*, just as the *Pittman* court found, the principles of *res judicata* apply to Plaintiff filing a duplicative Complaint while McCurry I is still pending.[4] The only thing that prevents McCurry II from being barred by *res judicata* is that McCurry I is still pending. *See Wilson*, 878 F.2d at 849 (finding that analogous principles of *res judicata* allow a district court to dismiss duplicative and repetitive pending cases pursuant to Section 1915(e)(2)(B)(i)).

McCurry II is the exact same case as McCurry I, as evidenced by Plaintiff's charge of discrimination filed with the EEOC. The Right to Sue Letter attached as Exhibit I to the Complaint in McCurry II indicates that the alleged discrimination took place on January 22, 2016. *See* d/e #1-1. The Complaint in McCurry I was filed on August 29, 2016. Thus, the alleged discrimination complained of in McCurry II was known to Plaintiff for 6 months when she filed McCurry I[5] and more than 1 year before the deadline to amend pleadings.

---

[4] In order for *res judicata* to bar a subsequent action: [1] the parties must be identical in both suits; [2] the prior judgment must have been rendered by a court of competent jurisdiction; [3] there must have been a final judgment on the merits, and [4] the same cause of action must be involved in both cases. *Wilson*, 878 F.2d 852, fn. 10.

[5] The Court recognizes that Plaintiff did not receive the Right to Sue Letter that forms the basis of McCurry II until December 2017. However, as noted, the Charges of Discrimination both in McCurry I and McCurry II expressly involve allegations that Kenco and Mars retaliated against Plaintiff for engaging in protected activities. As Plaintiff already possessed a right to sue letter based on alleged retaliation when she filed McCurry I, there is no reason that she could not have included the additional allegations of retaliation that form the basis of McCurry II (and were known to Plaintiff at the time she filed McCurry I) in her Complaint in McCurry I. This is especially true considering the Charge of Discrimination that forms the basis of McCurry II makes no mention of Elliott.

Additionally, although Plaintiff seeks to add Elliott as a Defendant in her second case, the Charge of Discrimination attached to McCurry II makes no mention of Elliott. Rather, it lists only Kenco and Mars as the entities that discriminated against Plaintiff, just like her Charge of Discrimination that formed the basis of McCurry I. Plaintiff offers no explanation as to why information that was known to her at the time that she filed McCurry I was not included in her Complaint in McCurry I, or added to her Complaint later, especially considering that both McCurry I and McCurry II are based on allegations of retaliation that arose from the same set of operative facts.

Because McCurry I and McCurry II are both based upon complaints of retaliation, known to Plaintiff at the time she filed McCurry I, against Defendants Kenco and Mars, McCurry II is clearly repetitive, duplicative, and therefore malicious, and should be dismissed pursuant to Section 1915(e)(2)(B)(i).

Even if the Court were to construe McCurry II as Plaintiff's attempt to file an Amended Complaint in McCurry I, it would still fail. The deadline to file amended pleadings in McCurry I was March 21, 2017. On March 22, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint in that case. The Court denied this Motion as untimely[6] on March 24, 2017. Therefore, McCurry II (construed as a Motion for Leave to File an Amended Complaint in McCurry I) would come almost one year after the amended pleading deadline in McCurry I.

To amend a pleading after the expiration of the trial court's deadline to amend pleadings, the moving party must show "good cause." FED. R. CIV. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Where a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, "leave to amend need not be given if there is an apparent reason not to do so, such as undue

---

[6] The Court also denied the Motion on the basis that Plaintiff failed to attach a proposed Amended Complaint to the Motion.

5

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). "Two of the most important factors to consider are delay and prejudice." *Anderson v. City of Rockford*, 2016 U.S. Dist. LEXIS 22690, at *4 (N.D. Ill. 2016) (*citing Chavez*, 251 F.3d at 632-633).

All of the *Chavez* factors weigh in favor of denying Plaintiff's Motion. Looking to undue delay and bad faith, Plaintiff received her Right to Sue Letter, on which McCurry II is based, on December 26, 2017. Plaintiff waited to file McCurry II until March 23, 2018. While this is within the time period for filing a Complaint on the Right to Sue Letter, it does not appear to be a coincidence that Plaintiff filed another case against Kenco and Mars just as the discovery deadline in McCurry I was approaching.[7] Considering that McCurry II involves the same Defendants, as well as the same set of operative facts, McCurry II appears to be brought in a bad faith attempt to restart the discovery process in McCurry I and cause undue delay to the resolution of Plaintiff's claims against Defendants Kenco and Mars.

Additionally, the undue prejudice to Kenco and Mars that would result from restarting this case is clear. McCurry I was filed two years ago and has exceeded 100 docket entries, many of which have been contested motions. Discovery in McCurry I is closed and forcing Defendants to start over from scratch would not only be unduly prejudicial to the Defendants, it would continue to take away a disproportionate amount of time and resources from the Court.

As already noted, Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis (#2), pursuant to 42 U.S.C. § 1915, asking this Court to allow McCurry II to proceed without the payment of fees and costs. 42 U.S.C. § 1915 allows the Court, in its discretion, to authorize the commencement of any action without the payment of fees.

---

[7] McCurry II also coincides with a massive motion to compel Plaintiff filed in McCurry I right before the cut off deadline, seeking to Compel Defendants Kenco and Mars to produce thousands of documents that Plaintiff claims have been wrongfully withheld.

6

Section 1915(e)(2)(B)(i), however, states that the Court shall dismiss the case at any point if the Court determines that the action is malicious or frivolous.

The ongoing discovery disputes in McCurry I, mostly caused by Plaintiff, demonstrate Plaintiff's dilatory motive in filing McCurry II. In the Court's opinion, McCurry II is nothing more than an attempt by Plaintiff to restart her litigation against Defendant Kenco and Mars. The time has come for McCurry I to move forward to dispositive motions and trial. Allowing Plaintiff to file an Amended Complaint now would only serve to unnecessarily delay McCurry I. Accordingly, even if the Court construed McCurry II as an attempt to amend her Complaint in McCurry I, Plaintiff has failed to show good cause one year after the deadline for doing so. Because the Court has determined that Plaintiff's Complaint in this case, as pled, is a malicious attempt to restart discovery and prolong the resolution of McCurry I, this cause is dismissed pursuant to 42 U.S.C. § 1915(e)(2)(B)(i).

### III. Conclusion

Accordingly, this case is dismissed pursuant to 42 U.S.C. § 1915(e)(2)(B)(i) as a malicious attempt to circumvent a discovery schedule and file an Amended Complaint in McCurry I.

ENTERED this 22nd day of May, 2018.

s/COLIN S. BRUCE<br>UNITED STATES DISTRICT JUDGE